```
                                    UNITED STATES DISTRICT COURT
                                    SOUTHERN DISTRICT OF FLORIDA

                                    CASE NO. 16-CV-20384-MOORE
                                    MAGISTRATE JUDGE P.A. WHITE

DERON BROOKS,                    :

     Petitioner,                 :

v.                               :         REPORT OF
                                           MAGISTRATE JUDGE
LORETTA LYNCH, ET AL.,           :

     Respondents.                :
_____
```

## I. Introduction

Deron Brooks was confined at the Krome Processing Center in Miami, Florida, when he filed a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. He argues that he has been unreasonably detained for over twenty-six months while his removal proceedings are pending, which violates due process.

This cause has been referred to the undersigned for consideration and report pursuant to Administrative Order 2003-19.

The Court has for its consideration the petition (DE# 1), and the United States' responses and appendixes of exhibits (DE# 11, 13, 15, 16, 17).

## II. Procedural History

The pertinent procedural history of this case is as follows. The Petitioner is a native of Jamaica who was admitted to the United States around July 23, 2007, as a legal permanent resident. (DE# 13-2 at 2-3).

1

The Department of Homeland Security ("DHS") issued a Notice to Appear on July 27, 2010, due to the Petitioner's convictions for: resisting a police officer without violence and possession of cannabis on June 24, 2008 (08015097MM10A); burglary of a structure, felony battery, and resisting without violence on August 26, 2008 (077517CF10A); and possession of cannabis on September 2, 2009 (0914956CF10A); and these crimes did not arise out of a single scheme of criminal misconduct. (DE# 13-2 at 2-3); see (DE# 13-5 at 14-20).

On February 16, 2011, an immigration judge denied the Petitioner's application for asylum and withholding of removal, however, cancellation of removal was granted. (DE# 13-3 at 2).

Another Notice to Appear was served on the Petitioner on December 6, 2013, based on his September 2, 2009, conviction for possession of cannabis as well as a February 25, 2013, conviction for attempted tampering with physical evidence and possession of cannabis (12001335CF10A). (DE# 13-6 at 2); see (DE# 13-5 at 1-12).

On August 26, 2014, the Petitioner was ordered removed from the United States to Jamaica; asylum and withholding of removal were denied. (DE# 13-1 at 2); (17-1 at 143-70). On December 23, 2014, the Board of Immigration Appeals ("BIA") remanded the matter to the immigration judge to provide Petitioner an opportunity to present the merits of his claims with regards to withholding removal and protection under the Convention Against Torture. (DE# 13-8 at 2). At a hearing on January 23, 2015, the immigration judge recused herself. (DE# 13-9 at 2).

A new immigration judge heard the Petitioner's petition for a 589 application on October 14, 2015. (DE# 13-9 at 82). The judge

found that the facts did not support the Petitioner's application, and ordered him removed to Jamaica. (DE# 13-9 at 108); (DE# 13-15 at 2-3). On March 22, 2106, the Board of Immigration Appeals dismissed the Petitioner's appeal of the denial of his application for withholding of removal and protection under the Convention Against Torture. (DE# 16-1 at 3).

He filed the instant Section 2241 petition on January 26, 2016.

### III. Discussion

Section 2241 authorizes a district court to grant a writ of habeas corpus whenever a petitioner is "in custody in violation of the Constitution or laws or treaties of the United States." 18 U.S.C. § 2241(c)(3). Challenges to deportation proceedings are cognizable under Section 2241 and, under certain circumstances, challenges to detainers may also be brought under Section 2241. Orozco v. INS, 911 F.2d 539, 541 (11th Cir. 1990), *superseded by statute on other grounds as stated by* Themus v. United States Dep't of Justice, 2016 WL 537397 (11th Cir. Feb. 11, 2016).

In order for the Court to take jurisdiction over an action, an actual case or controversy must be present. Rizzo v. Goode, 423 U.S. 362, 372 (1976); O'Shea v. Littleton, 414 U.S. 488, 493–95 (1974); Johnson v. Sikes, 730 F.2d 644, 647 (11th Cir. 1984). Some "threatened or actual injury" must exist as a result of the defendant's allegedly wrongful actions. O'Shea, 414 U.S. at 493 (citing Linda R.S. v. Richard D., 410 U.S. 614, 617 (1973)). This is because "[t]here must be a personal stake in the outcome such as to assure that concrete adverseness which sharpens the presentation of issues upon which the court so largely depends for illumination of difficult constitutional questions." O'Shea, 414 U.S. at 494.

"Abstract injury is not enough. It must be alleged that the plaintiff has sustained or is immediately in danger of sustaining some direct injury as the result of the challenged statute or official conduct." Id. "[P]rudential considerations" also require the court to abstain from rendering decisions that are premature or abstract or that "anticipate a question of constitutional law in advance of the necessity of deciding it." Sikes, 730 F.2d at 648-49 (quoting Ashwander v. TVA, 297 U.S. 288, 346 (1936)).

United States Code Title 8, Section 1231(a)(1), requires the federal government to attempt to effectuate an alien's removal within a ninety-day "removal period." 8 U.S.C. § 1231(a)(1). During this removal period, the government must detain the alien. 8 U.S.C. § 1231(a)(2). In cases where the alien is confined, the removal period begins the date the alien is released from confinement. See 8 U.S.C. § 1231(a)(1)(B)(iii). The government may detain an alien beyond the ninety—day removal period only for a length of time reasonably necessary to bring about the alien's actual removal, which is presumptively six months. See Zadvydas v. Davis, 533 U.S. 678, 694-99 (2001). ICE can then hold an alien for an additional ninety days. Id. at 678. Until the entire 180 day detention period expires, an alien's objection to his detention is premature. Akinwale v. Ashcroft, 287 F.3d 1050, 1052 (11th Cir. 2002); Song v. United States Attn'y Gen., 516 Fed. Appx. 894 (11th Cir. 2013).

The Respondent concedes that the Petitioner is in ICE custody for purposes of Section 2241's custody requirement. (DE# 11 at 8 n.3). The Petitioner's removal period began on March 22, 2016, when the BIA dismissed his appeal, and it will end on June 20, 2016. Further, the presumptively reasonable removal period will not expire for 180 days, that is, September 18, 2016. Zadvydas, 533 U.S. at 694-99; Akinwale, 287 F.3d at 1052.

4

Because the expiration of the Petitioner's presumptively reasonable removal period has not yet expired, the petition challenging his custody is premature and, therefore, should be dismissed.

## IV. Conclusion

It is therefore recommended that this petition for writ of habeas corpus be dismissed, a certificate of appealability not be issued, and the case be closed.

Objections to this report may be filed with the District Judge within fourteen days of receipt of a copy of the report.

SIGNED this 9th day of May, 2016.

_____
UNITED STATES MAGISTRATE JUDGE

cc:  Deron Brooks
     BCS014MNI005056
     Baker County Jail
     Inmate Mail/Parcels
     1 Sheriffs Office Drive
     Macclenny, FL 32063
     PRO SE

     Carlos Javier Raurell
     U.S. Attorney's Office
     Southern District of Florida
     99 N.E. 4th Street
     Miami, FL 33132